FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 05, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW WATSON,<br><br>Defendant. | No. 2:26-MJ-00093-JAG-1<br><br>ORDER FOLLOWING INITIAL APPEARANCE ON INDICTMENT AND DENYING THE UNITED \|STATES' MOTION FOR DETENTION<br><br>**MOTION DENIED**<br>**(ECF No. 3)** |

On February 2, 2026, the Court held a hearing for Defendant ANDREW WATSON's initial appearance on an Indictment, filed January 21, 2026, in the District of Nebraska, at ECF No. 1. Defendant appeared in custody represented by Assistant Federal Defender Adrien Fox. Assistant U.S. Attorney Rebecca Perez represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

## I.     INITIAL APPEARANCE

Defendant was advised of, and acknowledged, his rights. The Court entered a plea of not guilty to the Indictment on Defendant's behalf. The Office of the Federal Defenders of Eastern Washington and Idaho was appointed to represent the Defendant in this matter while Defendant is present in the Eastern District of Washington.

ORDER - 1

Defendant, personally and through counsel, waived his right to an identity hearing, and his right to challenge the warrant pursuant to Fed. R. Crim. P. 5. Defendant's waiver is accepted as knowing and voluntary.

The United States sought Defendant's detention. **ECF No. 3**. Defendant requested an immediate detention hearing. The Court then held a detention hearing.

## II. DETENTION HEARING

The United States made factual proffers and argued the Court should detain Defendant. The Government asserted there are no conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. The Government argued the conduct charged in the Indictment is serious and Defendant poses a danger to the community if he is released.

Defendant, through counsel, made factual proffers and argued there are conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. Defendant argued the conduct alleged is a telephonic threat only and there is no evidence he had any intent or ability to act on the threat. Defendant noted he has no criminal history, strong ties to the community, and he has known about the investigation since August 2025 and there have been no allegations of any criminal activity since that time.

***Review and Consideration of the 18 U.S.C. § 3142 Factors:*** The Court reviewed and considered the Indictment, ECF No. 1; the United States' Motion for Detention, ECF No. 3; the Pretrial Services Report, ECF No. 4; and the arguments and proffers of counsel. Pursuant to 18 U.S.C. § 3142, the Court also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including

character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g).

***Nature and Circumstances of the Charged Offense:*** The nature and circumstances of the charged offenses are serious and weigh in favor of detention. The Indictment charges Defendant with Interstate Transmission of an Extortionate Threat, in violation of 18 U.S.C. §875C(b) and Interstate Transmission of a Threat, in violation of 18 U.S.C. §875C(c). ECF No. 1.

***Weight of the Evidence:*** The weight of the evidence was sufficient for the return of an Indictment, though this is the least important factor in the Court's analysis. The Government also proffered that Defendant made inculpatory statements to law enforcement admitting the charged conduct. This factor also weighs in favor of detention.

***Defendant's History and Characteristics:*** Defendant has no criminal convictions or past charges. ECF No. 4 at 3. Defendant is 35 years old and has lived in Eastern Washington his entire life. ECF No. 4 at 1-2. Defendant is not married and has no children. *Id* at 2. Defendant graduated from high school and has a Bachelor of Arts degree. *Id*. Defendant has been unemployed since approximately September 2025. *Id*. Defendant has a limited history of substance use and reports using marijuana and alcohol daily, and last consumed psilocybin mushrooms one week ago. *Id* at 3. Defendant has significant community support, including several people present in the courtroom in support of Defendant. This factor weighs against Defendant's detention.

ORDER - 3

***Nature and Seriousness of the Danger to the Community Posed by Defendant's Release:*** While the facts of the case are very serious and involve threats, it appears there are conditions the Court could impose to reasonably assure the safety of the community if Defendant were released.

***Findings Pursuant to 18 U.S.C. § 3142:*** Accordingly, for all the reasons stated during the hearing and in this Order, the Court finds the United States has not established by a preponderance of the evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure Defendant's appearance at future proceedings and the United States has not established by clear and convincing evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure the safety of other persons or the community if Defendant were released.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention, **ECF No. 3**, is **DENIED** for the reasons stated during the hearing and in this Order.

2. Defendant shall be released on the following conditions:

| | **GENERAL CONDITIONS** |
|---|---|
| 1 | Defendant shall not commit any offense in violation of federal, state, or local, or tribal law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, including tribal agencies, without providing notice to United States Probation. Defendant shall comply with all conditions of supervision imposed by other courts. |
| 2 | Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct. |
| 3 | Defendant shall sign and complete A.O. Form 199C before being released. Defendant shall reside at an address approved by Pretrial |

ORDER - 4

|   | | |
|---|---|---|
|   | | Services and advise the Court, defense counsel and the U.S. Attorney in writing at least twenty-four hours before making any change in address, phone number, or employment. |
|   | 4 | Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. |
|   | 5 | Defendant shall not possess a firearm, destructive device, or other dangerous weapon. There shall be no firearms in the home where Defendant resides. |
|   | 6 | Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. |
|   | 7 | Defendant shall surrender any passport to Pretrial Services and shall not apply for replacements and shall not apply for any travel documents and/or a passport for any country. |
|   | 8 | Defendant shall remain in the Eastern District of Washington or the District of Nebraska while the case is pending. Defendant is permitted to travel between the Eastern District of Washington and the District of Nebraska for purposes of the case. Defendant may be permitted to travel outside this geographical area within the United States *with advance notice and approval* from U.S. Probation. |
|   | 9 | Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers. Provided, any contact in response to contact by Nelnet is permitted, but Defendant is prohibited from discussing the case. |
|   | 10 | Defendant shall maintain or actively seek lawful employment. |
|   | 11 | Defendant shall contact defense counsel at least once a week. |

ORDER - 5

| | **CONTROLLED SUBSTANCES AND ASSESSMENT** |
|---|---|
| 12 | **Controlled Substances Prohibition:** Defendant shall not use or possess any narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized to use medical marijuana under state law and regardless of whether marijuana is legal under state law. |
| 13 | **Substance Abuse Evaluation and Treatment**: Defendant shall participate and undergo a substance abuse evaluation. Pretrial Services may determine/approve the evaluators, schedule, and place of any evaluation. Defendant shall be responsible for the cost of testing, evaluation, and treatment, unless the United States Probation Office should determine otherwise. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. *It shall be the responsibility of defense counsel to provide such waivers.* Following any evaluation or treatment ordered here, Defendant shall complete any recommended aftercare program, including inpatient treatment, outpatient treatment, and any recommended counseling. *If Defendant terminates any treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer.* |
| 14 | **Alcohol Prohibition:** Defendant shall not use or possess any alcoholic beverage. There shall be no alcohol in the home where Defendant resides. Defendant shall not go to any establishment where alcohol is the primary item of sale. |
| | **MENTAL HEALTH** |
| 15 | **Mental Health Evaluation:** Defendant shall submit to a mental health evaluation and undergo any recommended treatment as directed by United States Probation/Pretrial Services. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, |

> treatment, and performance in the program.  *It shall be the responsibility of defense counsel to provide such waivers.*

3. Defendant shall appear in person before Judge Nelson, in the District of Nebraska, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, NE 68102, Courtroom 6 on **February 17, 2026, at 1:30 p.m**.

5. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

6. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel.  LCrR 46(k)(1).  The party shall then promptly file a motion for review before the assigned District Judge in the District of Nebraska.  *See* 18

ORDER - 7

U.S.C. § 3145(a) (the court having original jurisdiction over the offense may review a detention order); LCrR 46(k)(3). If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted consistent with the practice in the District of Nebraska.

**IT IS SO ORDERED.**

DATED February 5, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE